PARKER, J.
This is a proceeding brought to reverse the judgment of the court below dismissing the case of plaintiff in error for want of prosecution.
On March 20th, 1896, plaintiff brought an action in replevin before a justice of the peace of this county to recover the possession of three sewing machines of which he claimed to be the owner and of which he claimed to be entitled to possession. The case'proceeded to judgment, and was appealed to *629 the court of common pleas, wherein the plaintiff filed his petiiton, in which he sets forth that he is the owner of this property (describing it), and that it is wrongfully detained from his possession by the defendant, and that such unlawful detention and possession has resulted in damage to the plaintiff in the sum of $50. This petition was filed in July, 1897. Counse for the plaintiff and for the defendant seem to have been negotiating a settlement of the case after it came into the court of common pleas, and no answer was filed on behalf of the defendant.' On some day prior to the 10th day of December, 1897, the attorneys for the respective parties appeared in court and allowed or caused the case to be set down for trial, and on the 10th day of December, 1897, the case was reached for trial. Counsel for plaintiff not appearing, the court dismissed the case, and this entry went upon the journal:
“This day this cause being called for trial, and the plaintiff not appearing in person or by attorney, the action is hereby dismissed for -want of prosecution, at plaintiff’s costs. No record to be made.”
Within three days of that date the plaintiff appeared and filed his motion to’set aside this order and judgment of dismissal, setting forth the following reasons:
“First: Said dismissal was made by the court at the request of one Charles K Friedman as attorney for the defendant, the said defendant at the time of making of said motion not having filed an answer or other pleading or having otherwise entered his appearance to this action in this court.
“Second: At the time of making said motion, plantiff’s attorney was engaged in the trial of another cause in another branch of this court, and said motion was made and heard by the court without the knowledge of plaintiff or his attorney.
“Third: Judgment should have been rendered for plaintiff in said action, by default, for the full amount claimed in plaintiff’s petition.
“Fourth: Plaintiff had failed to cause judgment to be rendered by default upon petition in said cause at the request of defendant’s attorney, who desired to delay in the taking of said default for the purpose of endeavoring to effect a settlement of the cause of action between plaintiff and defendant.
“Fifth: Said cause of action was inadvertently dismissed by the court.”
The testimony of counsel for the plaintiff was submitied. in which it appears that he was at the time this action was called and dismissed engaged in the trial of another cause in another branch of the court, and this rule of court was also introduced in evidence or brought to the attention of the court:
" It was then agreed between the partiesjoereto and the court that it is an established rule of this court that whenever the attorneys for either party to an action are engaged in the hearing of another cause in any other branch of the court of common pleas of Lucas county, that such cause shall not be taken up for hearing, or any default taken therein, until said attorneys are disengaged from the other branches of the court. ”
It does not appear, however, that counsel representing- the plaintiff in any way brought to the attention of the court the fact that he was otherwise engaged and could not be present to answer to the call of this case before the case was dis *630 missed, as he might and should have done. So from that fact, were there nothing else in the case, we would conclude that the court was entirely justified in dismissing the cause, notwithstanding the rule. The attorney for the defendant testified, admitting that it was with his consent that no petition had been filed for a long time after the cause had been brought into the court, and that he had not filed an answer, in order to save costs; that at various times he suggested to plaintiff’s attorney that the matter should be arbitrated and settled out of court. Further, that the offer of settlement made to him just prior to the dismissal of the case was more than two days before said cause was dismissed (counsel for plaintiff having testified that it was two days), and that he refused that offer on behalf of the defendant. He further says that this case was assigned, for hearing by the attorneys for the plaintiff, and that he appeared in court several times after said assignment and before said cause was dismissed. He further says that the plaintiff is in possession of the goods involved in the action. A further statement was made (I don’t know that it appears in evidence) that it was not at the request of counsel for the defendant that the action was dismissed, but tha't counsel for the defendant was present and suffered it to be dismissed, and did not then call the attention of the court to the arrangement between counsel. So the court was not advised of that, but proceeded in ignorance of it to dismiss tho case. We think that counsel for the defendant should have apprised the court of this arrangement between himself and counsel for the plaintiff, and if the court had been advised of it, the ease would probably not have been dismissed. And, we think, that upon these facts having been brought to the attention of the court below by this testimony, the order dismissing the case should have been set aside. However, independently of that, we are of the opinion that the action of the court in dismissing the case was erroneous. While it is true that the plaintiff was not entitled to have judgment for all that he claimed upon default, in an action of replevin he was entitled to have judgment in his favor as to the ownership and right of possession of this property. That judgment would have carried costs. Upon the dismissal of the case the judgment for costs was against the plaintiff, as I have said. We think therefore that there was clear error, (independent of the considerations as to the advantage that may have been taken, under the circumstances, of plaintiff’s counsel while otherwise employed) in the action of the court in dismissing this case and rendering judgment against plaintiff for the costs, while the petition containing these averments stood undenied. Therefore the judgment will be reversed and the cause remanded, to be set down for trial.
Southard & Southard for, Plaintiff in Error.
Charles K. Friedman, for Defendant in Error.